UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BALKRISHNA PAUDEL )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>) C.A. No. 1:20-cv-10148<br>)<br>KATHMANDU KITCHEN, L.L.C., a/k/a )<br>HIMALAYAN KITCHEN, AND UTTAM )<br>SHRESTHA, )<br>)<br>    Defendants. )<br>) | |

**COMPLAINT FOR JURY TRIAL**

**Introduction**

1. Plaintiff Balkrishna Paudel ("Plaintiff" or "Paudel") brings this action to recover minimum wages and overtime pay for work that he performed for the Defendants, Himalayan Kitchen and Uttam Shrestha (collectively referred to herein as "Defendants"). Paudel began working for Defendants in or about May 2017 until he quit on or about April 18, 2018. Throughout this time period, Defendants regularly and deliberately failed to pay Plaintiff his minimum wages and overtime pay as required by law. Paudel's pay routinely fell below the Massachusetts minimum wage and Defendant never paid Paudel overtime pay ("time-and-a-half") for hours worked over 40 per week.

2. As a result, Paudel brings this action seeking his wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and under M.G.L. c. 149, § 148, and M.G.L. c. 151 §1. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by the law.

1

**Parties**

3. Plaintiff Balkrishna Paudel is an adult resident of Somerville, Massachusetts. He worked for Defendants as a cook from approximately May 2017 until April 2018.

4. Defendant Kathmandu Kitchen L.L.C., a/k/a Himalayan Kitchen, is a domestic limited liability company organized under the laws of Massachusetts, with its principal place of business located at 40 Bow Street, Somerville, Massachusetts 02143.

5. Defendant Uttam Shrestha is presently, and has been at all times relevant to this Complaint, the Manager of Himalayan Kitchen. During the relevant time period, Defendant Uttam Shrestha managed the daily operations of Kathmandu Kitchen, including managing the restaurant's finances and distributing wages to employees.

6. During the relevant time period, Himalayan Kitchen was an enterprise engaged in interstate commerce under the Fair Labor Standards Act ("FLSA") and the regulations interpreting the FLSA.

7. On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

8. Defendants regularly transacted business in this district during the relevant time period.

9. Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA, the Massachusetts Minimum Wage Act, and the Massachusetts Wage Act.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367.

12. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

13. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

14. Plaintiff worked as a cook for Defendants from approximately May 2017 until he quit on or about April 18, 2018.

15. Plaintiff was often paid below the state minimum wage, which was $11 per hour in 2017 and 2018.

16. Plaintiff regularly worked more than 40 hours per week. Plaintiff typically worked between 65-70 hours per week.

17. Plaintiff typically worked six days a week. He worked approximately 11 hours a day on Monday, Wednesday, Thursday, and Sunday; he worked approximately 12 hours per day on Friday and Saturday.

18. Plaintiff was paid a flat weekly salary for all hours that he worked.

19. At the beginning of his employment, Plaintiff was paid $600 per week. After working for approximately three months, he was paid $650 per week.

20. Plaintiff was paid entirely in cash.

21. Defendants failed to pay Plaintiff an overtime premium for the hours he worked in excess of 40 hours of work.

22. Defendants failed to pay Plaintiff for the final two weeks and two days of work he performed.

23. Plaintiff has received permission to file a Private Right of Action from the Massachusetts Office of the Attorney General. A copy of this authorization, dated July 17, 2019, is attached as Exhibit 1.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE

24. Pursuant to M.G.L. c. 151, § 1, employees in Massachusetts were required to be paid a minimum wage of $11 per hour during the years 2017 and 2018.

25. Throughout the relevant time period, Defendants were in violation of the Massachusetts Minimum Wage Act because Defendants paid Plaintiff a flat weekly rate lower than the applicable minimum wage.

26. Plaintiff has been damaged by these violations of M.G.L. c. 151, § 1.

27. Pursuant to M.G.L. c. 151, § 20, Defendants are liable to Plaintiff for the full amount of the minimum wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## COUNT II
## FAILURE TO PAY OVERTIME – FLSA

28. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

29. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

30. Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

31. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, in an amount to be determined at trial, plus an

additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## COUNT III
## NONPAYMENT OF WAGES

32. Defendants violated the Massachusetts Wage Act, M.G.L. c. 149, § 148, by failing to pay on a timely basis all wages due, including pay required by federal overtime law, to Plaintiff.

33. Plaintiff has been damaged by these violations of M.G.L. c. 149 § 148.

34. Defendants are liable to Plaintiff pursuant to M.G.L. c. 149, §150 for the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorney's fees.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the Massachusetts Minimum Wage Act, overtime compensation laws pursuant to the Fair Labor Standards Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus additional liquidated and treble damages, and interest, as provided for by law;

B. Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

C. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

BALKRISHNA PAUDEL,
By his attorneys,

  /s/Hannah Tanabe
Hannah Tanabe (BBO #693963)
Audrey R. Richardson (BBO #630782)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 603-1680
Htanabe@gbls.org

Dated: January 24, 2020

Case 1:20-cv-10148-IT   Document 1   Filed 01/24/20   Page 6 of 8

6

  /s/Hannah Tanabe
Hannah Tanabe (BBO #693963)
Audrey R. Richardson (BBO #630782)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 603-1680
Htanabe@gbls.org

Dated: January 24, 2020

# EXHIBIT 1



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

Attorney Hannah Tanabe
Greater Boston Legal Services
197 Friend Street
Boston, MA  02114

July 17, 2019

RE:   Balkrishna Paudel
        Request for Private Right of Action against Kathmandu Kitchen, LLC aka Himalayan Kitchen

Dear Attorney Tanabe:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465